## Rowlett v. Downs.

(Decided February 23, 1923.)

## Appeal from Marshall Circuit Court.

Vendor and Purchaser—Rescission.—A purchaser of farm property cannot have a rescission of a contract or defeat the recovery of the purchase price by averring and attempting to prove that the said farm overflowed, it being in a river valley, and that the seller represented to the buyer before he purchased it that the said land did not overflow, it being made clearly to appear by the evidence that the high water marks were on the buildings and trees at different places on the farm and that same were pointed out to him before he entered into the contract.

JOHN G. LOVETT for appellant.

A. D. THOMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee Downs brought this action in the Marshall circuit court to recover of appellant Rowlett the sum of $1,000.00, evidenced by a note for real estate. Appellant Rowlett filed an answer acknowledging the execution of the note but pleading by way of counterclaim that the deed which Downs made to him, through mistake, did not contain all the contract, and asked that the said instrument be reformed so as to express the full agreement which he says included an undertaking on the part of Downs to obtain for Rowlett a loan of $2.000.00 on the said land for ten years at six per cent interest out of which the said $1,000.00 representing the balance of the purchase price was to be paid. He further averred in his answer that Downs falsely and fraudulently represented and stated to him that none of the said lands except 17 acres which lay in the bottoms along Clark's river overflowed, when in truth and in fact the said lands, as a whole, did overflow, but this latter fact not being known to appellant he relied upon the representations of appellee Downs and exchanged other lands for the said farm and executed the said note for $1,000.00. Appellee Downs denies that he agreed to or undertook to obtain for appellant a loan of $2,000.00 on the land deeded to Rowlett for any time or at all or at any rate of interest; and further averred that he did not falsely represent to appellant Rowlett that the said

land did not overflow, but on the contrary told him that the lands did overflow. It appears from the evidence of appellee Downs and several other persons that he (Downs), by and through listing the land with a real estate brokerage firm for sale, had interested one Harrison in the land and the said agents had taken the said Harrison and appellant Rowlett to see the said lands though Rowlett at that time was not intending to purchase this farm but another lying nearby. Appellee Downs and the two real estate agents and Harrison and appellant Rowlett all went together over the said lands which are now the subject of this dispute. At that time, so all the witnesses testified except Rowlett, appellee Downs told the prospective purchaser Harrison in the presence and hearing of all the other persons present, including appellant Rowlett, that the said farm overflowed and that seventeen acres of it were covered with water every time the creek backed up; that he had owned the farm only seven months and that water had entirely covered the place one time and covered all but a very little of it a second time and that seventeen acres of the farm had been covered many times; that appellee showed to Harrison in the presence of appellant Rowlett the water marks on the trees and bushes and on the barn where the back water had left stains. In the bushes and shrubbery was plenty of evidence of high water. Appellant Rowlett says he did not hear this conversation between Downs and Harrison while looking over the farm, although the other members of the party all heard and remembered some parts of it. As water was standing over a part of the land at the time of this examination and as there were evidences everywhere no less convincing than debris lodged in bushes and trees indicating that high water had covered the place, it is hard to believe that appellant Rowlett did not see and understand that water had covered it, and equally as hard to believe that he alone of all the party did not hear the conversation, and know that the land overflowed at frequent intervals. There is some evidence in the record tending to show that appellant Rowlett was in need of a loan of $2,000.00, of which sum he intended to use $1,000.00 to pay off the note which is the subject of this litigation, and the remaining $1,000.00 to be employed in improving and cultivating the said farm, but there is no evidence of any probative value whatever tending to show that appellee Downs undertook to obtain such loan for

Rowlett, even if such facts, thoroughly established, constituted a defense, which we doubt. One witness says that Rowlett told him in substance, after the note became due, that he would be unable to pay it unless he could borrow some money and if he could not borrow the money he could keep the matter in court (meaning this note) for a long time and thus procure an advantage which would amount to a loan of $1,000.00 at six per cent.

The chancellor found the facts against appellant Rowlett and adjudged the lands conveyed by appellee Downs to Rowlett subject to a lien for the payment of the said $1,000.00. We think the evidence abundantly supports this finding. For that reason the judgment is affirmed.

Judgment affirmed.